MCGRAIL & BENSINGER LLP
888-C 8th Avenue #107
New York, New York 10019
(201) 931-6910
Ilana Volkov
David C. McGrail
Cynthia L. Botello
ivolkov@mcgrailbensinger.com
dmcgrail@mcgrailbensinger.com
cbotello@mcgrailbensinger.com

*Proposed Counsel to Trask Radio LLC and
Advanced Aerospace LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRASK RADIO LLC and | ) | Case No.: _____ |
| ADVANCED AEROSPACE LLC, | ) | |
| | ) | (Joint Administration Pending) |
| Debtors in Possession.) | ) | |

## DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING THEM TO PAY PRE-PETITION COMPENSATION TO EMPLOYEES AND CONTRACTORS AND GRANTING RELATED RELIEF

Debtors Trask Radio LLC ("Trask") and Advanced Aerospace LLC d/b/a Balcon Salon ("Balcon Salon," and together with Trask, the "Debtors"), by and through their undersigned proposed counsel, hereby file this motion (the "Motion") for an order, substantially in the form attached as **Exhibit A** (the "Interim Order") and, thereafter, a final order in the form substantially similar to the Interim Order (the "Final Order" and, together with the Interim Order, collectively, the "Orders"), pursuant to Sections 105(a), 363(b), and 507(a) of Title 11, United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing them to pay pre-petition compensation to employees and contractors and granting related relief and, in support thereof, respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## INTRODUCTION

2.      On October 31, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made and no official committees have been appointed or designated.

3.      Information regarding the Debtors' businesses and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Eric L. Einstein Pursuant to Rule 1007-2 of the Local Bankruptcy Rules and is incorporated herein by reference.

## FACTUAL BACKGROUND

4.      Trask has no employees; Balcon Salon utilizes the services of, on average, approximately twenty (20) employees and approximately thirty (30) to forty (40) contractors (i.e.,

DJs, performers, dancers, party promoters, party producers, social media consultants, and photographers), all of whom are critical to Balcon Salon's operations.[1]

### Employee and Independent Contractor Compensation

5.    Balcon Salon funds its employees' compensation (including tips and overtime) on a weekly basis, in arrears, through TR.  Specifically, TR maintains a bank account with Santander Bank, N.A., into which Balcon Salon and other non-debtor affiliates deposit funds for, among other things, payroll.

6.    The employees are paid every Friday, via direct deposit through Paychex, Inc. ("Paychex"), for the pay period ending the prior Friday.  Payroll to Paychex is funded by TR on the day before, i.e., Thursday.

7.    Balcon Salon funds employee payroll on the Wednesday before Friday's pay day.

8.    As of the Petition Date, Balcon Salon's gross weekly payroll, including overtime, totals approximately $10,000.00.

9.    In turn, Paychex withholds funds from payroll that it receives from TR for the benefit of federal, state, and local taxing authorities and other third-party entities, as required by law.  Paychex transfers these withheld funds to the appropriate parties or government agencies according to the payment schedules established by them.

10.    Balcon Salon causes TR to garnish specific amounts from certain employees' wages earned during each payroll cycle and transfers them in accordance with certain court orders.  Ordinarily, TR transfers such garnished wages on the payroll pay date.  As of the

---

[1] Logistically, non-debtor affiliate TR Payment LLC ("TR") is the employer of the employees and contracts with the contractors.  Balcon Salon, in turn, commissions the services of the employees and contractors on an as needed basis. For purposes of this Motion, the Debtors will refer to the employees and contractors used in Balcon Salon's business as Balcon Salon's employees and contractors.

Petition Date, only one Balcon Salon employee is subject to a wage garnishment (in a nominal amount).

11.    The independent contractors also are paid every Friday by TR for prior services rendered.  As of the Petition Date, payments due to independent contractors have accrued for seven (7) days and total approximately $11,000.00; no withholdings are deducted from those payments.[2]  Balcon Salon funds contractor compensation to TR <u>on the Thursday before Friday's pay day</u>.

## **RELIEF REQUESTED AND BASIS THEREFOR**

12.    By this Motion, the Debtors request entry of the Proposed Orders, pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code, authorizing, but not directing, Balcon Salon to pay and honor its pre-petition obligations to its employees and independent contractors as described above (collectively, the "Pre-Petition Compensation Obligations").

13.    Section 507(a)(4)(A) of the Bankruptcy Code grants priority status to up to $15,150 for each employee's claims for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within 180 days before the Petition Date.  As priority claims, these claims must be paid in full to confirm a chapter 11 plan.  *See* 11 U.S.C. § 1129(a)(9)(B). Thus, payment of the Pre-Petition Compensation Obligations merely expedites the treatment afforded to such claims and is consistent with the priority scheme of the Bankruptcy Code.

14.    A bankruptcy court may authorize a debtor to pay certain prepetition obligations pursuant to section 363(b) of the Bankruptcy Code which states, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).  To approve the use of assets

---

[2] No employee or contractor is owed more than the amount entitled to priority under Section 507(a)(3) of the Bankruptcy Code.

outside the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code, courts require only that the debtor "show that a sound business purpose justifies such actions." *See In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge deciding a section 363(b) application must find from the evidence presented to him or her a good business reason to grant such application); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989) (noting the standard for determining a section 363(b) motion is "a good business reason").

15.    The Debtors submit that payment of the Pre-Petition Compensation Obligations at this time will help maximize the value of their assets and retain critical employees as the Debtors work to effectuate their reorganization.

16.    The business judgment rule is satisfied "when the following elements are present: (1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to some courts and commentators, no abuse of discretion or waste of corporate assets." *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 24-22284-dsj (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993) (internal quotations omitted).  In fact, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  Courts in this district consistently are loath to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence, and will uphold a board's decisions as long as they are attributable to a "rational business purpose." *Integrated*, 147 B.R. at 656.  Thus,

if the debtor's determination to use estate assets represents a reasonable business judgment, the bankruptcy court should approve such use.

17.     Additionally, section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts consistently permit payment of prepetition obligations where such payment is necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g., Miltenberger v. Logansport, C&S W.R. Co.*, 106 U.S. 286, 312 (1882) (holding that the payment of pre-receivership claim that arose prior to a reorganization should be permitted to prevent "stoppage of the continuance of [crucial] business relations"). The Court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" doctrine when such payments are essential to the continued operation of the debtor. *See, e.g., Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285– 86 (S.D.N.Y. 1987) (affirming order authorizing payment of pre-petition wages, salaries, expenses and benefits); *In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *In re Fin. News Network Inc.*, 134 B.R. 732, 735–36 (Bankr. S.D.N.Y. 1991) (the "doctrine of necessity" stands for the principle that a bankruptcy court may allow pre-plan payments of pre-petition obligations where such payments are critical to the debtor's organization).

18.     The relief requested herein represents a sound exercise of the Debtors' business judgment, is justified under sections 363(b) and 105(a) of the Bankruptcy Code and is necessary to preserve the value of the Debtors' business and assets. The Debtors' employees and independent contractors are indispensable to the Debtors' operations and the successful resolution of these Chapter 11 cases. Indeed, there is substantial risk that if the employees are not paid, they may seek alternative opportunities for employment; moreover, if the independent contractors are

not paid, they will not provide services to the Debtors post-petition. Such result would undermine significantly the Debtors' reorganization efforts, to the detriment of their estate and creditors. Because it is critical that the Debtors retain their workforce and independent contractors through the exit of these proceedings, essential members of their Workforce to ensure that operations are assumed in a smooth and orderly manner. The loss of valuable members of the Workforce would likely (i) hinder the Debtors' ability to maintain the ongoing operations, (ii) significantly increase costs to administer these cases by replacing the activities fulfilled by the Workforce with restructuring professionals at significantly higher costs, and (iii) complicate the sale process and efforts to maximize value in connection therewith. Honoring the obligations related to Balcon Salon's employees/contractors' compensation and benefits programs will increase the likelihood that they will remain in their positions and fully committed to Balcon Salon's efforts to reorganize because it will give them certainty that they will continue to be paid while employed/contracted with Balcon Salon. Consequently, it is critical that Balcon Salon be able to continue, in the ordinary course, those personnel policies, programs and procedures that were in effect prior to the Petition Date. Many of Balcon Salon's employees/contractors are the sole source of support for their families and are dependent on their weekly compensation. Without those amounts, they may suffer extreme personal hardship and, in many cases, will be unable to pay their basic living expenses, causing serious harm to them and their families. This would severely disrupt Balcon Salon's relationships with their employees/contractors, irreparably impair their morale at the very time when their dedication, confidence, and cooperation are most critical, and seriously jeopardize Balcon Salon's ability to operate. Accordingly, the relief requested herein is necessary to prevent immediate and irreparable harm to Balcon Salon's business.

19. Bankruptcy Code Section 507(a) provides further justification for permitting payment of wages and salaries. Bankruptcy Code Section 507(a)(4) grants a priority

claim for wages and salaries, among other things, earned by an individual within one hundred and eighty (180) days before filing of the petition, of up to $15,150 for each individual.

20.     As none of Balcon Salon's employees/contractors make anywhere near that cap, the pre-petition amounts owed to each employee/contractor easily qualify for priority status. Therefore, if the Court granted the relief requested in this Motion, it would not prejudice the rights of other unsecured creditors.

21.     Balcon Salon has already funded the cash necessary to pay the compensation/benefits described in this Motion for the pay period ending October 24, 2025, and will have sufficient funds on hand for the payments due on November 7, 2025, for the pay period ending October 31, 2025.  Balcon Salon respectfully requests that all checks issued and fund transfers made in respect of the pre-petition compensation to employees and contractors and related relief requested in this Motion be approved and authorized.

22.     For the reasons set forth in this Motion, authorization of the payments sought is in the best interests of Balcon Salon's estate, creditors, and other parties-in-interest.

## NOTICE

23.     Notice of this Motion will been given, by overnight mail, to the United States Trustee, counsel for Newtek Business Services Holdco 6, Inc., Business Initiative Corporation of New York, counsel for the U.S. Small Business Administration, the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, and any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be given under the circumstances.

## NO PRIOR APPLICATION

24.     No previous request for the relief sought herein has been made to this or any other Court.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A** (and, thereafter, a final order), and grant the Debtor such other relief as the Court deems just and appropriate under the circumstances.

Dated: October 31, 2025
      New York, New York

                MCGRAIL & BENSINGER LLP

                s/ Ilana Volkov
                Ilana Volkov
                David C. McGrail
                Cynthia L. Botello
                888-C 8th Avenue #107
                New York, New York 10019
                (201) 931-6910

                *Proposed Counsel to Trask Radio LLC and*
                *Advanced Aerospace LLC*

## Exhibit A

**Proposed Form of Interim Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TRASK RADIO LLC and | ) | Case No.: _____ |
| ADVANCED AEROSPACE LLC, | ) |  |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

**ORDER AUTHORIZING DEBTORS TO PAY PRE-PETITION COMPENSATION
TO EMPLOYEES AND CONTRACTORS, AND GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of the above-captioned debtors

Trask Radio LLC ("Trask") and Advanced Aerospace LLC d/b/a Balcon Salon ("Balcon Salon,"

and together with Trask, the "Debtors"), for an order, pursuant to Sections 105(a), 363(b), and

507(a) of the Bankruptcy Code and Rule 6003 of the Federal Rules of Bankruptcy Procedures,

authorizing them to pay pre-petition compensation to employees and contractors, and related relief;

and upon consideration of the Affidavit of Eric L. Einstein Pursuant to Local Bankruptcy Rule

1007-2; and the Court having found that granting the relief requested in the Motion is necessary

and appropriate to prevent immediate and irreparable harm to Balcon Salon's business operations;

and the Court having found that good and sufficient cause exists for granting the Motion; and it

appearing that notice of the Motion was adequate and proper under the circumstances of these

cases, and that no further notice of the Motion is required or necessary; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that Balcon Salon is authorized to pay the pre-petition compensation

(including tips and overtime) to its employees and any applicable governmental agencies for

withholdings; and it is further

ORDERED that Balcon Salon is authorized to pay and honor its pre-petition

obligations to its independent contractors; and it is further

ORDERED that Balcon Salon is authorized to pay and honor its pre-petition 401(k) obligations, including transferring any amounts as required by federal, state, and local laws; and it is further

ORDERED that any banks honoring checks issued and fund transfers requested in the Motion to the extent sufficient funds are on deposit, regardless of whether such checks or fund transfer requests were issued prior to or after the date of the commencement of these cases, are directed to honor those checks and funds transfers; and it is further

ORDERED that Balcon Salon is authorized (consistent with this Order) to issue post-petition checks or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests related to pre-petition compensation to employees and contractors that are dishonored or rejected (notwithstanding the terms of this Order) as a consequence of the commencement of these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: _____ ____, 2025
        New York, New York

_____
The Honorable _____
United States Bankruptcy Judge