**MCGRAIL & BENSINGER LLP**
888-C 8th Avenue #107
New York, New York 10019
(201) 931-6910
Ilana Volkov
David C. McGrail
Cynthia L. Botello
ivolkov@mcgrailbensinger.com
dmcgrail@mcgrailbensinger.com
cbotello@mcgrailbensinger.com

*Proposed Counsel to Trask Radio LLC and*
*Advanced Aerospace LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ─────────────────────────────── ) | | |
| In re: ) | Chapter 11 | |
| ) | | |
| TRASK RADIO LLC and ) | Case No.: _____ | |
| ADVANCED AEROSPACE LLC, ) | | |
| ) | (Joint Administration Pending) | |
| Debtors in Possession. ) | | |
| ─────────────────────────────── ) | | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) PROHIBITING UTILITIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (II) DEEMING
UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE,
AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE**

Debtors Trask Radio LLC ("Trask") and Advanced Aerospace LLC d/b/a Balcon Salon

("Balcon Salon," and together with Trask, the "Debtors"), by and through their undersigned

proposed counsel, hereby file this motion (the "Motion") for an order (i) prohibiting utilities from

altering, refusing, or discontinuing services, (ii) deeming utilities adequately assured of future

performance, and (iii) establishing procedures for determining requests for additional adequate

assurance and, in support thereof, respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 366.

## INTRODUCTION

2.      On October 31, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 Title 11, United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made and no official committees have been appointed or designated.

3.      Information regarding the Debtors' businesses and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Eric L. Einstein Pursuant to Rule 1007-2 of the Local Bankruptcy Rules and is incorporated herein by reference.

## FACTUAL BACKGROUND

4.      In connection with the operation of their businesses, the Debtors obtain utility services (collectively, "Utility Services"), including telecommunications, electricity, natural gas and propane, water, waste removal and recycling, and other similar services from certain utilities (as that term is used in Section 366 of the Bankruptcy Code).

5.      Attached hereto as **Exhibit A** is a nonexclusive list (as may be supplemented from time to time, the "Utilities List") of utilities ("Utility Providers") that provide

Utility Services to the Debtors as of the Petition Date.[1]

## **RELIEF REQUESTED AND BASIS THEREFOR**

6.       The Debtors have established a good payment history with the Utilities, making payments on a regular and timely basis.   In fact, to the best of the Debtors' knowledge, there are no material defaults or arrearages with respect to any Utility Provider, other than any payment interruptions that may be caused by the commencement of these chapter 11 cases.   The Debtors paid an average of approximately $8,000.00 per month on account of Utility Services.

7.       By this Motion, the Debtors seek the entry of an order (i) approving certain deposits as adequate assurance of payment for Utility Services, (ii) establishing certain objection procedures pursuant to Bankruptcy Code Section 366(c), and (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing Utility Services.

8.       Although the Debtors fully intend to pay all post-petition obligations owed to the Utility Providers in a timely manner and believe that the Utility Providers will not be impacted by these cases, they propose to provide each Utility Provider with a cash deposit equal to the amount set forth in **Exhibit A** attached hereto (each a "Deposit" and, collectively, the "Deposits"), which reflects the cost of approximately fifteen (15) days of service with respect to each such Utility Provider.  Payment would be made by check or wire within two (2) business days of the entry of an order substantially in the form attached hereto as **Exhibit B** and incorporated herein by reference (the "Order").

9.       The Debtors propose that if a Utility Provider does not believe its Deposit constitutes adequate assurance of payment, wishes to modify the amount of assurance of payment,

---

[1] The inclusion of any entity on, as well as any omission of any entity from, the Utilities List is not an admission by the Debtors that such entity is, or is not, a "utility" within the meaning of Section 366 of the Bankruptcy Code, and the Debtors reserve all rights with respect thereto.

or otherwise objects to the procedures or relief requested herein, it would be required to file a specific objection within twenty (20) days of the entry of the Order, and the Court would set a hearing (the "Determination Hearing") to determine whether the Deposit constitutes adequate assurance of payment and/or consider the procedures set forth herein.  Pending resolution of any such objection, the objecting Utility Provider would be prohibited from discontinuing, altering, or refusing service to the Debtors.

10.     The Debtors have endeavored to identify all of their Utility Providers and include them on the Utility Service List.  Nonetheless, it is possible that certain Utility Providers have not yet been identified by the Debtors or included on such list.  To the extent the Debtors identify additional Utility Providers, the Debtors will file amendments to the Utility Service List, serve copies of any orders related to this Motion on such newly-identified Utility Providers, and provide such Utility Providers with Deposits consistent with those provided to Utility Providers included on the Utility Service List.

## The Deposits Constitute Adequate Assurance of Payment

11.     Section 366 of the Bankruptcy Code protects a debtor against the immediate termination of utility services after commencing its chapter 11 case.   Under that section, a utility may not, during the first twenty (20) days of a bankruptcy case, alter, refuse, or discontinue services to, or discriminate against, a debtor solely on the basis of the commencement of the case or the failure of the debtor to pay a prepetition debt.   11 U.S.C. § 366.   A utility may, however, alter, refuse, or discontinue service following such 20-day period, if the debtor has not furnished "adequate assurance of payment" for post-petition utility service obligations within the 20-day period.  *Id.*  Additionally, following a 30-day period after the commencement of a chapter 11 case, a utility may alter, refuse, or discontinue service if the debtor does not provide "adequate assurance" of payment for post-petition services in a form "satisfactory" to the utility, subject to

4

the Court's review and approval following notice and a hearing.  *Id.*

12.     The Bankruptcy Code restricts the factors a court may consider when determining whether an assurance of payment is adequate.  Specifically, courts may not consider (a) the absence of a security deposit before a debtor's petition date, (b) the timeliness of a debtor's payments prior to the commencement of a debtor's chapter 11 case, or (c) the availability of an administrative expense priority when determining the amount of a deposit.  *Id.*

13.     While the Bankruptcy Code provides guidance as to the required nature of adequate assurance, a court retains the discretion to determine the amount of adequate assurance necessary or to change the fundamental requirement that assurance of payment must simply be adequate.  *Compare* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment"), *with* 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2)").  Indeed, section 366(b) permits a court to find that no adequate assurance payment at all is necessary to provide a utility with adequate assurance of payment under certain circumstances.  *See Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly … a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment'").

14.     Courts construing Section 366 of the Bankruptcy Code have long recognized that, in determining adequate assurance, a court is not required to give a utility the equivalent of a guaranty of payment but must only determine that the utility is not subject to an

unreasonable risk of nonpayment for post-petition services.  *See, e.g., In re Great Atl. & Pac. Tea Co.,* No. 11-CV-1338, 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) ("Courts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996), *aff'd sub nom., Caldor*, 117 F.3d at 646 ("[Section 366(b)] does not require an 'absolute guarantee of payment'") (citation omitted); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("In determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment . . . .").  In determining the amount of adequate assurance, bankruptcy courts should "focus upon the need of the utility for assurance, and . . . require that the debtor supply **no more than that**, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Caldor*, 117 F.3d at 650 (emphasis in original) (citation omitted); *see also Great Atl. & Pac.*, 2011 WL 5546954, at *5-6 (holding that no additional adequate assurance deposit was necessary where such deposit would impose an unreasonable burden on reorganizing debtors).

15.     In addition, Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   11 U.S.C. § 105(a).

16.     The Debtors believe that the proposed adequate assurance and adequate assurance procedures are reasonable, fair and orderly, satisfy the requirements of Section 366 of the Bankruptcy Code, and are necessary for them to carry out their reorganization efforts.   The Debtors anticipate having sufficient resources to pay, and intend to pay, any and all valid post-petition obligations for Utility Services in a timely manner.

17.     In addition, the Debtors' reliance on Utility Services for the operation of

their business, and the preservation and maximization of their estates' value, provides them with a powerful incentive to stay current on their utility obligations.

18.     The Debtors respectfully submit that the proposed adequate assurance is more than sufficient to assure the Utility Providers of future payment.    In fact, courts in this jurisdiction routinely grant relief similar to that requested herein.  *See, e.g., In re GOL Linhas Aéreas Inteligentes S.A.*, No. 24-10118 (MG) (Bankr. S.D.N.Y. Jan. 29, 2024) [ECF No. 69]; *In re Spirit Airlines, Inc.*, No. 24-11988 (SHL) (Bankr. S.D.N.Y. Dec. 18, 2024) [ECF No. 264]; *In re 2U, Inc.*, No. 24-11279 (MEW) (Bankr. S.D.N.Y. Sept. 5, 2024) [ECF No. 156]; *In re Acorda Therapeutics, Inc.*, No. 24-22284 (DSJ) (Bankr. S.D.N.Y. Apr. 26, 2024) [ECF No. 106]; *In re Grupo Aeroméxico, S.A.B. de C.B.*, No. 30-11563 (SCC) (Bankr. S.D.N.Y. July 20, 2020) [ECF No. 135].

### The Proposed Procedures are Fair

19.     Bankruptcy Code Section 366(c)(2) states that a Utility Provider "may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the [Utility Provider] does not receive from the [Debtors] adequate assurance of payment."  Thus, a Utility Provider could arguably refuse the Deposit and discontinue service unilaterally if, thirty (30) days after the Petition Date, it claims that the Deposit is not satisfactory. Such a discontinuance of service would be disastrous to the Debtors' business.

20.     The Debtors' proposed procedures for providing adequate assurance of payment guard against this eventuality while affording the Utility Providers more than sufficient opportunity to be heard.

21.     In the event the Debtors somehow become delinquent on their post-petition obligations, a Utility Provider would have the right to request that this Court increase the Deposit,

modify the assurance provided, or authorize it to terminate service.

22.     The Debtors propose that each Utility shall be deemed to have adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code based on the Debtors providing the proposed adequate assurance unless and until a Utility requests additional adequate assurance in accordance with the adequate assurance procedures and either (i) the Debtors agree to grant additional adequate assurance or (ii) the Court enters an order granting such request.

23.     The portion of the adequate assurance Deposit attributable to each Utility (as defined below) would be returned to the Debtors, without further order of the Court, upon the earlier of (i) the reconciliation and payment by the Debtors of the final invoice of such Utility Provider in accordance with applicable non-bankruptcy law following the termination of Utility Services from such Utility Provider, (ii) the sale of all or substantially all of the Debtors' assets, (iii) the effective date of a chapter 11 plan confirmed in the chapter 11 cases, or (iv) the date upon which the chapter 11 cases are dismissed or converted to cases under chapter 7 of the Bankruptcy Code.   If there are any outstanding disputes related to post-petition payments due between any Debtor and the applicable Utility Provider, only the portion of the adequate assurance Deposit in excess of any disputed amounts would be returned to the Debtors without further Court order.

24.     Accordingly, the proposed method of furnishing adequate assurance of payment for post-petition utility services is in keeping with the spirit and intent of Bankruptcy Code Section 366, does not subject any Utility Provider to an unreasonable risk of nonpayment, is not prejudicial to the rights of any Utility Provider, and is in the best interests of the Debtors and their estates.

## **NOTICE**

25.     Notice of this Motion will be given, by overnight mail, to the United States

Trustee, counsel for Newtek Business Services Holdco 6, Inc., Business Initiative Corporation of New York, counsel for the U.S. Small Business Administration, the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, any party that has requested notice pursuant to Bankruptcy Rule 2002, and each Utility Provider. The Debtors submit that no other or further notice need be given under the circumstances.

## **NO PRIOR APPLICATION**

26.    No previous request for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and such other relief as the Court deems just and appropriate under the circumstances.

Dated: October 31, 2025
        New York, New York

MCGRAIL & BENSINGER LLP

s/ Ilana Volkov
Ilana Volkov
David C. McGrail
Cynthia L. Botello
888-C 8th Avenue #107
New York, New York 10019
(201) 931-6910

*Proposed Counsel to Trask Radio LLC and*
*Advanced Aerospace LLC*

## Exhibit A

**Utilities List**

| Utility | Account Number(s) | Service(s) | Mailing Address | Average Monthly Invoice Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Con Edison (Balcon Salon) | 82454-42000-9 | Electricity | P.O. Box 1701 New York, NY 10116<br><br>Corporate Secretary 4 Irving Place New York, NY 10003 | $6,000.00[2] | $3,000.00 |
| City of New York Department of Environmental Protection (Balcon Salon) | 7000121578001 | Water | P.O. Box 11863 Newark, NJ 07101<br><br>59-17 Junction Blvd, 19th Floor Flushing, NY 11373 | $400.00 | $200.00 |
| TriState Carbonation Service (Balcon Salon) | 963037 | $CO_2$ | P.O. Box 333 Thompsonville, NY 127844<br><br>16 East Broadway Monticello, NY 12701 | $350.00 | $175.00 |
| Filco Carting Corporation (Balcon Salon) | 01-27249 1 | Waste Collection | 161 McKinley Street Closter, NJ 07624 | $1,334.00 | $667.00 |

---

[2] This amount does not reflect any monthly back billing charges.

**<u>Exhibit B</u>**

**Proposed Form of Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRASK RADIO LLC and | ) | Case No.: _____ |
| ADVANCED AEROSPACE LLC, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER (I) PROHIBITING UTILITIES FROM ALTERING,
REFUSING, OR DISCONTINUING SERVICES,
(II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE
PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR
DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Upon consideration of the motion (the "Motion") of the above-captioned debtors

Trask Radio LLC ("Trask") and Advanced Aerospace LLC d/b/a Balcon Salon ("Balcon Salon,"

and together with Trask, the "Debtors"), for an order, pursuant to Bankruptcy Code §§ 105(a),

366, (i) prohibiting utilities from altering, refusing, or discontinuing services, (ii) deeming utilities

adequately assured of future performance, and (iii) establishing procedures for determining

requests for additional adequate assurance; and upon consideration of the Affidavit of Eric L.

Einstein pursuant to Local Bankruptcy Rule 1007-2; and the Court having found that granting the

relief requested in the Motion is necessary and appropriate to prevent immediate and irreparable

harm to the Debtors' business operations; and the Court having found that good and sufficient

cause exists for granting the Motion; and it appearing that notice of the Motion was adequate and

proper under the circumstances of these cases, and that no further notice of the Motion is required

or necessary; it is hereby

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that the deposits proposed by the Debtors (the "Deposits") constitute

adequate assurance to the Utilities; and it is further

ORDERED that the Debtors shall, on a timely basis following entry of this Order, remit each of the Deposits set forth in **Exhibit A** attached to the Motion by check or wire transfer to each such Utility Provider; and it is further

ORDERED that the Utilities are prohibited from altering, refusing, or discontinuing Utility Services on account of any prepetition amounts outstanding, and are deemed to have received adequate assurance of payment in compliance with Section 366 of the Bankruptcy Code; and it is further

ORDERED that if a Utility Provider believes its Deposit does not constitute adequate assurance of payment, wishes to modify the amount of the Deposit, or otherwise wishes to object to the procedures or relief granted herein, it must file an objection within twenty (20) days of the entry of this Order, setting forth with specificity the basis for its objection, including the amount and nature of any additional assurance it seeks; and it is further

ORDERED that if a Utility Provider timely files an objection in accordance with the procedures set forth herein, such objection shall be set for a determination hearing.  Pending resolution of any such objection, the Utility Provider filing the objection shall be prohibited from altering, refusing, or discontinuing Utility Services; and it is further

ORDERED that the Debtors are authorized to supplement the Utilities List by (i) serving the Supplemental Notice, the Motion, and this Order by first-class mail on all Utilities listed therein.  Following service of any Supplemental Notice, affected Utilities shall have fourteen (14) days from the date of service of such Supplemental Notice to file an objection in accordance with the Bankruptcy Rules, the Local Rules, and the adequate assurance procedures.  Any Utility that does not object within such time is deemed to have consented to the adequate assurance

Deposit; and it is further

ORDERED that in the event that the Debtors somehow become delinquent on their post-petition obligations, a Utility Provider shall have the right to request that this Court increase the Deposit, modify the assurance provided, or authorize it to terminate service; and it is further

ORDERED that the portion of the adequate assurance Deposit attributable to each Utility shall be returned to the Debtors, without further order of the Court, upon the earlier of (i) the reconciliation and payment by the Debtors of the final invoice of such Utility Provider in accordance with applicable non-bankruptcy law following the termination of Utility Services from such Utility Provider, (ii) the sale of all or substantially all of the Debtors' assets, (iii) the effective date of a chapter 11 plan confirmed in the chapter 11 cases, or (iv) the date upon which the chapter 11 cases are dismissed or converted to cases under chapter 7 of the Bankruptcy Code.   If there are any outstanding disputes related to post-petition payments due between any Debtor and the applicable Utility Provider, only the portion of the adequate assurance Deposit in excess of any disputed amounts shall be returned to the Debtors without further Court order; and it is further

ORDERED that, within two (2) business days of the entry of this Order, the Debtors shall serve (or cause to be served) a copy of this Order upon each Utility identified on the Utilities List and any party that has requested notice pursuant to Bankruptcy Rule 2002; and it is further

ORDERED that any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or

related to the interpretation, implementation and enforcement of this Order.


Dated: _____ ____, 2025
          New York, New York


_____
The Honorable _____
United States Bankruptcy Judge

4