Hearing Date and Time: January 13, 2026 at 10:00 a.m. (EST)
Objection Deadline: January 6, 2026 at 4:00 p.m. (EST)

MCGRAIL & BENSINGER LLP
888-C 8th Avenue #107
New York, New York 10019
(201) 931-6910
Ilana Volkov
David C. McGrail
Cynthia L. Botello
ivolkov@mcgrailbensinger.com
dmcgrail@mcgrailbensinger.com
cbotello@mcgrailbensinger.com

*Counsel to Trask Radio LLC and*
*Advanced Aerospace LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRASK RADIO LLC, et al.,[1] | Case No.: 25-12431-dsj |
| Debtors in Possession.) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL AND PLAN CONFIRMATION HEARING, (II) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN, AND (III) GRANTING RELATED RELIEF**

Trask Radio LLC and Advanced Aerospace LLC d/b/a Balcon Salon, the withing debtors

and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel,

hereby file this motion for the entry of an order (i) scheduling a combined disclosure statement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Trask Radio LLC (1584) and Advanced Aerospace LLC (6704).  The lead Debtor's principal place of business is 674 9th Avenue, New York, NY 10036.

approval and plan confirmation hearing, (ii) establishing notice and objection procedures for approval of the disclosure statement and confirmation of the plan, and (iii) granting related relief (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O). The statutory predicates for the relief requested herein are sections 105(a), 1125, 1126, and 1128 of Title 11, United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2002-1, 3017-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Order M-634.

## INTRODUCTION

2.      On October 31, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made and no official committees have been appointed or designated.

3.      Information regarding the Debtors' businesses and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Eric L. Einstein Pursuant to Rule 1007-2 of the Local Bankruptcy Rules [Docket No. 5] and is incorporated herein by reference.

**THE PLAN AND DISCLOSURE STATEMENT**

4.      On December 11, 2025, the Debtors filed their combined disclosure statement (as it may be amended, modified or supplemented, the "Disclosure Statement") and joint Chapter 11 liquidating plan of reorganization (as it may be amended, modified, or supplemented, the "Plan") [Docket No. 32].

5.      The Disclosure Statement contains: (i) information about the Debtors' businesses; (ii) a summary of the Debtors' secured indebtedness and trade debt; (iii) a discussion of the reasons for the commencements of these Chapter 11 cases and the events that have transpired since the Petition Date; and (iv) a summary of the Plan.

6.      The Plan is a joint chapter 11 liquidating plan of reorganization that creates the framework for the payment of "allowed" administrative expense claims, priority tax and other priority claims, secured claims, and general unsecured claims.

7.      The Plan and Disclosure Statement describe in detail the treatment of holders of claims against and interest in the Debtors.  This following chart summarizes the classes of claims and interests, their status, and voting rights.

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | The Allowed Non-Tax Priority Claims. | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | The Allowed Secured Claim of Newtek Business Services Holdco 6, Inc. ("Newtek") | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3 | The Allowed Secured Claim of the United States Small Business Administration, as assignee of Business Initiative Corporation of New York ("SBA"). | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 4 | The Allowed General Unsecured Claims. | Unimpaired | Not Entitled to Vote (Presumed to Accept) |

| Class 5 | Intercompany Claims. | Impaired | Not Entitled to Vote (Presumed to Reject) |
| Class 6 | Interests of the Debtors. | Unimpaired | Not Entitled to Vote (Presumed to Accept) |

## RELIEF REQUESTED AND BASIS THEREFOR

8.    By this Motion, the Debtors request entry of an order: (i) scheduling a combined hearing (the "Combined Hearing") to consider the adequacy of the Disclosure Statement confirmation of the Plan; (ii) establishing procedures for objecting to the Disclosure Statement and Plan; (iii) approving the form, manner, and sufficiency of notice of the Combined Hearing; and (iv) granting related relief.

### A.    Scheduling Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Plan.

9.    Section 105(d)(2)(B)(vi) of the Bankruptcy Code authorizes the Bankruptcy Court to combine a hearing on a disclosure statement with a hearing on confirmation of a Chapter 11 plan. 11 U.S.C. § 105(d)(2)(B)(vi). *See also*, General Order M-634.

10.    Given the lack of complexity of the Plan and the unimpaired nature of all classes of claims, holding a Combined Hearing in these chapter 11 cases will promote judicial economy and minimize administrative costs to the Debtors and their estates. Therefore, the Debtors respectfully request entry of the Proposed Order, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting a date for the Combined Hearing for the Court to consider the (a) adequacy of the Disclosure Statement, and (b) confirmation of the Plan.

4

**B.**   **Deadline and Procedures for Filing Objections to Adequacy of Disclosure Statement and Confirmation of Plan**.

11.     Rules 3017(a) and 2002 of the Bankruptcy Rules and Local Rule 3017-1 require that twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections and the hearing to approve a disclosure statement or confirmation of a Chapter 11 plan, subject to the Bankruptcy Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).

12.     Rule 3017(c) of the Bankruptcy Rules provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

13.     Local Bankruptcy Rule 3020-1(a) provides that objections to confirmation of a plan must be filed no later than seven (7) days before the confirmation hearing, unless the Court orders otherwise.

14.     The Debtors seek to consummate the Plan expeditiously and efficiently. Accordingly, the Debtors request that the Combined Hearing be held, subject to the Bankruptcy Court's schedule, on a date in February 2026 that is no later than forty (40) days after the hearing on the Motion.

15.     The Debtors require at least three (3) business days following entry of the Proposed Order for service of the Disclosure Statement, Plan and notice of the Combined Hearing.

16.     The Debtors further propose that the Court direct that any objections to the Disclosure Statement and/or Plan must (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; (d) conform to the Bankruptcy Code,

Bankruptcy Rules and Local Bankruptcy Rules; (e) be filed with the Bankruptcy Court (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and (f) be served in accordance with General Order M-399 no later than 5:00 p.m. (prevailing Eastern Time) seven (7) days before the Combined Hearing (the "Objection Deadline"), on the following parties: (a) counsel for the Debtors, McGrail & Bensinger LLP (Attn.: Ilana Volkov, Esq.), 888-C 8th Avenue #107, New York, New York 10019, ivolkov@mcgrailbensinger.com; (b) the Office of the United States Trustee; and (c) all parties who have filed Notices of Appearance.

17.     The Debtors respectfully submit that the proposed schedule for the Combined Hearing, including the fixing of the Objection Deadline, is in the best interests of the Debtors, their estates, their creditors, and all parties in interest.

      **C.**     **Approval of Form, Manner, and Sufficiency of Notice of Combined Hearing**.

18.     In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtors propose to provide to all known holders of Claims and Interests a copy of the Plan and Disclosure Statement and notice which sets forth the time, date and place for the Confirmation Hearing and the Objection Deadline, by regular first-class mail within three (3) business days after entry of the Proposed Order (the "Plan Package").

19.     In addition, the Debtors propose to include in the Plan Package a notice of non-voting status (the "Notice of Non-Voting Status"), substantially in the form attached as **Exhibit A**.

6

20.     The Debtors respectfully submit that the proposed noticing procedures comply with the Bankruptcy Code and will be adequate and appropriate to provide all holders of claims and interests with notice of their non-voting status.

**D.     <u>Adequacy of the Disclosure Statement</u>**.

21.     At the Combined Hearing, in addition to seeking confirmation of the Plan, the Debtors will seek the Court's ruling that the Disclosure Statement provides adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code.

22.     Section 1125 of the Bankruptcy Code states that a plan proponent must provide holders of impaired claims and equity interests with "adequate information" regarding a proposed chapter 11 plan.  In that regard, Section 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical Investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . . 11 U.S.C. § 1125(a)(1).

23.     Here, although the Debtors are not soliciting votes on the Plan, the Disclosure Statement contains: (i) information about the Debtors' businesses; (ii) a summary of the Debtors' secured indebtedness and trade debt; (iii) a discussion of the reasons for the commencements of these Chapter 11 cases and the events that have transpired since the Petition Date; and (iv) a summary of the Plan, including the fact that all classes of claims and interests are unimpaired and not entitled to vote, the method of implementation and the means for satisfaction of "allowed" claims in full.

24.     Accordingly, the Debtors respectfully submit that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code and should be approved.

### E.     Confirmation of the Plan.

25.     As set forth above, the Plan filed by the Debtors provides that no members of any class are entitled to vote on the Plan.  Accordingly, the Debtors submit that solicitation is unnecessary.

26.     The Debtors will be prepared to demonstrate at the Combined Hearing that the Plan satisfies all the other requirements under section 1129(a) of the Bankruptcy Code and that confirmation of the Plan is in the best interests of the estates, creditors, and other parties in interest.

27.     Before the Combined Hearing, the Debtors will file a brief and/or affidavit in support of the Plan demonstrating that the Plan satisfies each requirement for confirmation and responding to any timely objections to confirmation.

### NOTICE

28.     Notice of this Motion will be given, by United States mail, postage pre-paid, to the United States Trustee, counsel for Newtek Business Services Holdco 6, Inc., Business Initiative Corporation of New York, counsel for the U.S. Small Business Administration, the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, and any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be given under the circumstances.

## NO PRIOR REQUEST

29.    The Debtors have not made any prior request to this or to any other court for the relief sought herein.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached as **Exhibit B**, granting the relief requested herein and such other relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

MCGRAIL & BENSINGER LLP

*/s/ Ilana Volkov*
Ilana Volkov
David C. McGrail
Cynthia L. Botello
888-C 8th Avenue #107
New York, New York 10019
(201) 931-6910

*Counsel to Trask Radio LLC and
Advanced Aerospace LLC*

Dated:  December 11, 2025
     New York, New York