Newtek\Trask Radio\Trask Radio Bankruptcy\Objection to Confirmation - Declaration

**CHARTWELL LAW**
One Battery Park Plaza, Suite 701
New York, NY 10004-1445
Telephone: (212) 968-2300
Novica Petrovski (NY ID 1954731)
John J. Winter (*Pro Hac Vice*)
Telephone: (212) 968-2300
*(Attorneys for Small Business Lending, LLC as Servicer for Newtek Business Services Holdco 6, Inc.)*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>**(Manhattan)** | Hearing Date: 3-4-26, 10:00 a.m.<br>Objections Due: 2-20-26, 5:00 p.m. |
| In re:<br>**TRASK RADIO LLC,**<br>Debtor. | Chapter 11<br>Case No. 25-12431-dsj |
| In re:<br>**ADVANCED AEROSPACE LLC,**<br>Debtor. | Case No. 25-12433-dsj<br>(Jointly Administered) |
| **SMALL BUSINESS LENDING, LLC as Servicer for NEWTEK BUSINESS SERVICES HOLDCO 6, INC.,**<br>Objector,<br>v.<br>**TRASK RADIO LLC, and ADVANCED AEROSPACE LLC,**<br>Movants. | Related to D.I. Nos. 44, 45 |

**DECLARATION OF JEFFREY NORMAN IN SUPPORT OF OBJECTION TO CONFIRMATION OF DEBTORS' AMENDED JOINT CHAPTER 11 PLANOF LIQUIDATION DATED JANUARY 14, 2026, FILED ON SMALL BUSINESS LENDING, LLC AS SERVICER FOR NEWTEK BUSINESS SERVICES HOLDCO 6, INC.**

STATE OF Florida :
:ss.
COUNTY OF St. Johns :

**BEFORE ME,** the undersigned authority, personally appeared Jeffrey Norman, an adult individual whose identity was known to me or established to my satisfaction, and who, after

being duly sworn according to law, deposes and says that:

1. I am over 18 years of age, and am employed by Small Business Lending, LLC as a Vice President, and in that capacity am also an officer and/or authorized signatory of Newtek Business Services Holdco 6, Inc. ("Newtek", or "Objector"), and that Newtek is the owner of the loan which is the subject of this motion filed on its behalf.

2. I have personal responsibility for handling the account representing the obligations owed by the Debtor and affiliated parties as secured debt to Newtek, and make this Declaration based on my own knowledge and familiarity with the account and relevant contract documents.

**A. <u>Objector's Loan</u>.**

3. On March 23, 2023, Trask Radio LLC ("Trask") and Advanced Aerospace LLC ("Aerospace", and together with Trask, collectively the "Borrowers") executed and delivered to Newtek Bank, National Association ("Lender") a Construction Loan Agreement for the project located at 674 9th Avenue, New York, NY 10036 (the "Loan Agreement") whereby Lender agreed to consolidate Borrowers' pre-existing debt in the principal sum of $7,152,000.00 (the "Loan"). A true and correct redacted copy of the Loan Agreement is attached hereto as Exhibit "A" and is incorporated herein by reference.

4. As evidence of its obligation to repay the Loan, on March 23, 2023, Trask executed and delivered to Lender a Consolidated Note, Amended, Restated, Promissory Note in the original principal amount of $7,152,000.00 (the "Note"). The Note provided that interest would accrue on the outstanding principal balance and regular monthly interest payments would be made beginning May 1, 2023 at the initial rate of 10.75% *per annum* for twelve (12) months, then beginning May 1, 2024 at the rate of 7.060 % *per annum* for 119 months, with one final

balloon principal and interest payment of $6,208,431 due on April 1, 2034 (the "Maturity Date"). A true and correct redacted copy of the Note is attached hereto as Exhibit "B" and is incorporated herein by reference.

5. As collateral security for the payment of the Loan, Trask executed, acknowledged, and delivered to Lender a consolidated mortgage in the amount of $7,152,000.00 encumbering certain real property located at 674 9th Avenue, New York, NY 10036 (the "Mortgaged Property"), which was duly recorded in the Office of the Clerk of New York County on April 3, 2023 under CRFN: 2023000081299 (the "Mortgage"). At the time of the recording of the Mortgage there was paid to the New York County Clerk the tax imposed on the Mortgage. A true and correct redacted copy of the Mortgage is attached hereto as Exhibit "C" and is incorporated herein by reference.

6. The Note and Mortgage have been assigned by Lender to Newtek Business Services Holdco 6, Inc. by way of an executed allonge (the "Allonge"), and assignment of mortgage dated April 3, 2025 and recorded on April 21, 2025 under CRFN: 2025000107565 (the "Assignment of Mortgage"). True and correct redacted copies of the Allonge and Assignment of Mortgage are attached hereto as Exhibits "D" and "E", and are incorporated herein by reference.

7. As additional security for the Note Trask executed and delivered to Lender an Assignment of Rents dated March 23, 2023 whereby Trask Borrower granted Lender a security interest in all of Trask Borrower's right, title and interest in the Rents for the Mortgaged Premises (the "Assignment of Rents"). The Assignment of Rents has been assigned by Lender to Newtek Business Services Holdco 6, Inc. by assignment of assignment of leases and rents dated April 3, 2025, and recorded on April 21, 2025 under CRFN: 2025000107566 (the "Assignment of Assignment of Rents"). True and correct redacted copies of the Assignment of Rents and

Assignment of Assignment of Rents are attached hereto as Exhibits "F" and "G", and are incorporated herein by reference.

8. As additional security for the Note, Trask executed and delivered to Lender a Security Agreement dated March 23, whereby Trask granted Lender a security interest in all of its right, title and interest in all personal property of Borrower, then owned or thereafter acquired of every kind and description wherever located, as set forth therein 2023 (the "Security Agreement"). Newtek perfected the security interests thus granted by duly filing UCC-1 Financing Statements at the State and County Level (collectively, the "Financing Statements"). True and correct redacted copies of the Security Agreement and Financing Statements are attached hereto as Exhibits "H" and "I" and are incorporated herein by reference.

9. As further security for the Loan and Note, Eric L. Einstein ("Einstein"), Tito Rocks LLC ("Tito Rocks"), Justin Buchanan ("Buchanan"), Physical Onion LLC ("Physical Onion"), Rainbow Starship LLC ("Rainbow Starship"), and Pieces Bar LLC ("Pieces Bar") (collectively the "Guarantors") executed and delivered to Lender a Commercial Guaranty (respectively, the "Einstein Guaranty", "Tito Rocks Guaranty", "Buchanan Guaranty", "Physical Onion Guaranty", "Rainbow Starship Guaranty", and "Pisces Bar Guaranty", and collectively, the "Guarantees"). True and correct redacted copies of the Einstein Guaranty, Tito Rocks Guaranty, Buchanan Guaranty, Physical Onion Guaranty, Rainbow Starship Guaranty, and Pisces Bar Guaranty are attached hereto as Exhibits "J", "K", "L", "M", "N" and "O" and are incorporated herein by reference.

10. Borrowers and Guarantors have failed to comply with the terms and conditions of the Loan Agreement, Note, Mortgage Security Agreement, Guaranties and all realted loan documents (collectively, the "Loan Documents"), by failing and omitting to pay the payments as

they became due thereunder, specifically the January 1, 2025, payment, and each subsequent payment thereafter and any applicable grace period has expired.

### B. <u>The Foreclosure.</u>

11. Prior to filing a complaint in mortgage foreclosure, Movant's counsel obtained foreclosure title search reports from Advantage Foreclosure dated June 9, 2025 (the "Title Reports") confirming, *inter alia*, the record ownership of the Mortgaged Property and the recording of the Mortgage, Assignment of Rents and assignments thereof as set forth above (the "Title Report"). A true and correct redacted copy of the Title Report (without exhibits) is attached hereto as Exhibit "P" and is incorporated herein by reference.

12. The Loan went into default for non-payment, and on February 7, 2025, Newtek, through counsel, issued a notice of default (the "Default Notice"). A true and correct copy of the Default Notice is attached hereto as Exhibit "Q" and is incorporated herein by reference.

13. Newtek filed a Complaint in Mortgage Foreclosure in the Supreme Court of the State of New York, New York County, on July 16, 2025 at Index No. 850306/2025 (the "Foreclosure Action"). After service of the Complaint and Summons, Newtek and the Debtors attempted to negotiate a forbearance agreement but were unable to come to agreement. While Newtek began to seek the appointment of a receiver for the Mortgaged Property, the Debtors sought bankruptcy protection.

### C. <u>Bankruptcy Filings, Newtek's Claim</u>.

14. Newtek believes and avers that the Debtors filed their respective Petitions solely for purposes of hindering and delaying Newtek in the exercise of its available rights and remedies under the Loan Documents and applicable state law, and to improperly obtain the discharge of its principals' obligations to Newtek as jointly and severally liable and

unconditional guarantors.

15. As of October 31, 2025, the Loan was in default for Borrowers' and Guarantors' failure to timely make all of the required monthly payments, and the following sums were due and owing under the Loan Documents:

| | |
|---|---|
| Principal Balance: | $7,132,915.46 |
| Interest to 10/31/2025: | 768,827.05 |
| Late Fees: | 28,738.23 |
| Expenses: | 6,376.75 |
| **Total Real Debt:** | **$7,936,857.49** |

Plus additional interest accruing after October 31, 2025 at the rate of 12.84% *per annum*, or $2,544.07 *per diem,* together with such additional late fees, expenses and costs, including attorney's fees, as are permitted under the loan documents and applicable law.

16. Per written appraisal dated May 7, 2025, by All Island Valuation Services, LLC, the Mortgaged Property was valued as having a fair market value of $8,220,000 as of April 15, 2025, based on four (4) comparable sales, and $8,100,000 based on five (5) comparable rental properties (the "Appraisal"). A true and correct redacted copy of the Appraisal is attached hereto as Exhibit "R" and is incorporated herein by reference.

17. The Appraisal does not adequately reflect the true value of the Mortgaged Property, as reflected in that certain formal review, conducted by Cushman & Wakefield dated May 8, 2025 (the "Appraisal Review"), which, noting Federal Reserve interest rate concerns, the failure of three regional banks ties to the Federal Reserve's interest rate hikes, uncertainty in the financial and commercial real estate markets, and the impact of tariffs, resulting in reduced liquidity, made adjustments to the comparable sales used for the Appraisal, and reduced the appraised fair market value of the Mortgaged Property from $8,220,000 to only $6,200,000. A true and correct redacted copy of the Appraisal Review is attached hereto as Exhibit "S", and is

incorporated herein by reference.

18. Debtors are not known to be carrying required insurances on the Mortgaged Property, and Newtek has been compelled to obtain its own, "force-placed" insurance thereon to protect its security interests therein.

19. Newtek has already commenced its Foreclosure Action, and is fully capable of proceeding therewith and otherwise liquidating its own collateral for the Loan, and does not require assistance through a chapter 11 liquidation.

20. The Debtors' proposed liquidation can only cause the Debtors, creditors and parties-in-interest additional fees and costs which cannot be recovered. It appears there is no benefit for the Debtors' unsecured creditors to be derived from the Debtors' proposed liquidation.

21. In the event that Newtek is unable to liquidate the Debtors' real and personal property collateral for a sufficient amount to completely satisfy the Loan, it will have a significant deficiency claim to pursue against the Guarantors. The Debtors' Amended Plan impermissibly discharges the Guarantors' deficiency liability to Newtek and cannot be approved.

22. I make this Declaration on behalf of Newtek Business Services Holdco 6, Inc., on the basis of my own knowledge, and subject to the penalties for perjury. I am aware that if any of the statements made herein are wilfully false, that I am subject to such penalties.

**Newtek Business Services Holdco 6, Inc.**

Dated: February 11, 2026

By: [signature]
Jeffrey Norman, Authorized Signatory

State of Florida County of St. Johns
Sworn to (or affirmed) and subscribed before me this 11th day of February, 2026.
By Jeffrey Norman
Personally known ___ OR produced identification ✓
Type of identification produced FL DL

___________________, Notary Public
My Commission Expires June 19, 2026

JONAH B MURPHY
Notary Public - State of Florida
Commission # HH 278090
My Comm. Expires Jun 19, 2026
Bonded through National Notary Assn.