Newtek\Trask Radio\Trask Radio Bankruptcy\Objection to Extension of Exclusivity - Objection

**CHARTWELL LAW**
One Battery Park Plaza, Suite 710
New York, NY 10004-1445
Telephone: (212) 968-2300
Novica Petrovski (NY ID 1954731)
John J. Winter (*Pro Hac Vice*)
Telephone: (212) 968-2300
*(Attorneys for Small Business Lending, LLC as Servicer for Newtek Business Services Holdco 6, Inc.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**(Manhattan)**

Hearing Date: 5-12-26, 10:00 a.m.
Objections Due: 5-5-26, 5:00 p.m.

| | | |
|---|---|---|
| In re:<br>**TRASK RADIO LLC,**<br>Debtor. | ) | Chapter 11<br>Case No. 25-12431-dsj |
| In re:<br>**ADVANCED AEROSPACE LLC,**<br>Debtor. | ) | Case No. 25-12433-dsj<br>(Jointly Administered) |
| **SMALL BUSINESS LENDING, LLC as Servicer for NEWTEK BUSINESS SERVICES HOLDCO 6, INC.,**<br>Objector,<br>v.<br>**TRASK RADIO LLC, and ADVANCED AEROSPACE LLC,**<br>Movants. | ) | Related to D.I. Nos. 71 |

**OBJECTION TO DEBTORS' MOTION FOR EXTENSION OF DEBTORS' EXCLUSIVE PERIOD TO SOLICIT ACCEPTANCES OF THEIR CHAPTER 11 PLAN FILED ON SMALL BUSINESS LENDING, LLC AS SERVICER FOR NEWTEK BUSINESS SERVICES HOLDCO 6, INC.**

TO: THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE:

ALL E-FILERS

**Small Business Lending, LLC as Servicer for Newtek Business Services Holdco 6,**

**Inc. (“Newtek”)**, a secured creditor of the above-captioned debtor and party in interest herein, by and through its undersigned attorneys, Chartwell Law, hereby files the following Objection to Debtors’ Motion for Extension of Their Exclusive Period to Solicit Acceptances (the “Motion”).

## I. PARTIES, JURISDICTION AND VENUE.

1. Objector is Small Business Lending, LLC as Servicer for Newtek Business Services Holdco 6, Inc., which maintains a place of business or other address for purposes of notices and service of papers located at 4800 T-Rex Avenue, Suite 120, Boca Raton, FL 33431.

2. The above-captioned debtor, Trask Radio LLC (“Trask”), is a New York limited liability company, with an address for purposes of receipt of notices and papers located at 7 Doane Avenue, Pt. Jefferson Station, NY 11776.

3. The above-captioned debtor, Advanced Aerospace LLC (“Advanced”), is a New York limited liability company, with an address for purposes of receipt of notices and papers located at 7 Doane Avenue, Pt. Jefferson Station, NY 11776.

4. On October 31, 2025 (the “Trask Petition Date”), Trask filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the “Bankruptcy Code”), in the Southern District of New York, Manhattan Division, which was docketed at Case No. 25-12431-dsj (the “Trask Petition”, Trask D.I. No. 1), resulting in the above-captioned case (the “Trask Bankruptcy Case”).

5. On October 31, 2025 (the “Advanced Petition Date”). Advanced filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, also in the Southern District of New York, Manhattan Division, which was docketed at Case No. 25-12433-dsj (the “Advanced Petition”, Advanced D.I. No. 1), resulting in the above-captioned case (the “Advanced Bankruptcy Case”).

6. By Order entered November 4, 2025, the Trask Bankruptcy Case and Advanced Bankruptcy Case have been administratively consolidated (Trask D.I. No. 16).

7. On January 14, 2026, the Debtors filed a Combined First Amended Disclosure Statement and Joint Plan of Reorganization (the "Plan", Trask D.I. No. 44).

8. On April 24, 2026, the Debtors filed a Motion to extend their exclusive period for solicitation of acceptances of the Plan (the Motion, Trask D.I. No. 71).

9. The Court has jurisdiction over the Motion and this Objection pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this district pursuant to 28 U.S.C. § 1409.

10. The Motion and this Objection involve "core proceedings" pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O). This Objection is brought pursuant to the applicable provisions of 11 U.S.C. §§ 105(a) 1129 (a), (b), and Federal Rule of Bankruptcy Procedure 9014.

## II. <u>SUMMARY OF ARGUMENTS</u>.

11. As set forth more fully below, the Debtors' chapter 11 bankruptcy cases are not complex. There are only two secured creditors of significance, and the Debtors' negotiations with Newtek to resolve its Objection have been stymied by an improper attempt by the Debtors to secure the discharges of the Debtors' principals from their guaranteed obligations, and no further extension of exclusivity will result in Newtek's waiver of that objection, or cure its objections to confirmation.

## III. <u>BACKGROUND</u>.

12. As set forth in the supporting Declaration of Jeff Norman filed herewith (the "Norman Declaration"), Jeff Norman previously executed a Declaration in Support of Newtek's

Objection to Confirmation of Debtors' Chapter 11 Plan (the "Prior Declaration", D.I. No. 50-1), and it was incorporated therein by reference, together with its exhibits. (Norman Declaration, D.I. No. 3).

13. Newtek is not willing to accept or vote for any plan of reorganization that effectively discharges the obligations of third-party guarantors, as set forth in its confirmation objection, D.I. No. 50. (Norman Declaration, D.I. No. 4).

14. Newtek is not willing to accept the Debtors' pending "dirt-for-debt" plan as set forth in its confirmation objection. (Norman Declaration, D.I. No. 5).

15. Newtek has been informed, and believes that Debtors' counsel has previously indicated, that they would consider a plan of reorganization based upon a sale of their assets pursuant to 11 U.S.C. §363. When Newtek endeavored to pursue such a course with them, Debtors' counsel indicated that no such sale process could be considered without a complete discharge of the guarantors' obligations to Newtek. (Norman Declaration, D.I. No. 6).

16. The Debtors are debtors-in-possession, and are fiduciaries of the Debtors, and all creditors. However, the Debtors negotiations have focused on its guarantors' interests in limiting their own liability to Newtek in the event of any deficiency arising after the Debtors' real and personal property collateral has been liquidated. This is a clear breach of their fiduciary duty owed to all creditors. And, while the Debtors continue to delay these proceedings through their insistence upon such third-party discharges, Newtek's interests, as well as those of the Debtors' only other major secured creditor, the United States Small Business Administration ("SBA"), are adversely affected by ongoing accruals of interest, costs and attorney's fees. (Norman Declaration, D.I. No. 7).

17. While the Debtors continue to press their "dirt-for-debt" plan, which would allow

them to divest themselves of all assets while discharging the guaranty liabilities of their principals, an extension of time for the Debtors to solicit acceptances will not change Newtek's determination to preserve its claims against the Guarantors. Therefore, an extension of the Debtors' exclusive solicitation period will not increase their chances for obtaining confirmation of their "dirt-for-debt" plan, as Newtek will continue to raise that objection so as to fully protect its interests should the Debtors' assets ultimately prove inadequate to satisfy its secured claims. Accordingly, the Motion should be denied. (Norman Declaration, D.I. No. 8).

## IV. RELIEF REQUESTED.

**Denial of Request for Extension of Exclusivity.**

18. Paragraphs 1 through 17 above are incorporated herein by reference.

19. Section 1121 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) The debtor may file a plan with a petition commencing a voluntary case, or at any time in a voluntary case or an involuntary case.
>
> (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.
>
> (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—
>
> (1) a trustee has been appointed under this chapter;
>
> (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or
>
> (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.
>
> (d) (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this

> section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121.

20. Subsections (b) and (c) of Bankruptcy Code Section 1121 provide that a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case and the exclusive right to solicit votes for its plan for an additional 60 days. 11 U.S.C. §§ 1121(b) and (c). They promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated. *See, In re Burns and Roe Enters., Inc.,* No. 00-41610 (RG), 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (internal quotations and citations omitted).

21. Where a debtor seeks the extension of its exclusivity period, it bears the burden to demonstrate the existence of cause. *R.G. Pharmacy. Inc.,* 374 BR 484, 487 (Bankr. D. Conn. 2007). The debtor must make "an affirmative showing of 'cause,' [as] supported by evidence." *Id.* The Court then must consider whether an "extension of exclusivity will facilitate moving the case forward," while "balancing the harm the extension will cause to creditors." *Friedman's, Inc.,* 336 BR 884, 889 (Bankr. S.D. Georgia 2005).

22. Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend a debtor's exclusive period for filing a chapter 11 plan and to solicit votes "for cause". Determination of cause is fact-specific, and the court has broad discretion in extending or

terminating exclusivity. *See In re Adelphia Communications Corp.,* 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) (decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court and is fact-specific).

23. The Debtors, as the moving parties, bear the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. *In re Texaco, Inc.,* 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987). Where good cause is shown, the requested extension of exclusivity should be granted. *See, In re Glob. Crossing Ltd.,* 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003).

24. Generally, courts will consider the following factors in determining whether "cause" exists to extend a debtor's exclusive periods:

- the size and complexity of the case;
- the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;
- the existence of good-faith progress toward reorganization;
- the fact that the debtor is paying its bills as they come due;
- whether the debtor has demonstrated reasonable prospects for filing a viable plan;
- whether the debtor has made progress in its negotiations with creditors;
- the amount of time that has elapsed in the case;
- whether the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and
- whether an unresolved contingency exists.

*Adelphia, supra,* 352 B.R. at 587.

25. Where the debtor's bankruptcy case is not particularly large, the debtor has few major creditors, and there is a breakdown of negotiations between the debtor and objecting creditors, it is unlikely that a requested extension is going to significantly improve progress toward an effective reorganization. *See R.G. Pharmacy. Inc.,* 374 BR 484 (Bankr. D. Conn. 2007) (noting a lack of unexpired leases or executory contracts, and lack of regulatory compliance issues that needed to be addressed and holding that such facts implicate *Adelphia* factors (2), (3), (5), (6), and (9); compare *Lichtin/Wade,* 478 BR 204 (Bankr. E.D. N.C. 2012) (size of a single asset real estate debtor's case, with numerous creditors, complexity of the case, debtor's good faith progress toward reorganization by filing a proposed plan, significant progress in negotiations, and paying its bills as they became due, weighed in favor of finding cause to extend the exclusivity period).

26. An important factor is whether the debtors are making "good faith efforts to achieve emergence." *Adelphia,* 352 B.R. at 588. That is not the case here. The Debtors are not actually seeking to reorganize, but to liquidate all of their assets by way of their pending "dirt-for-debt" plan. In doing so, they are actively seeking to eliminate any deficiency liabilities for their principals, who guaranteed their debts to Newtek and to the SBA. This represents an inherent conflict of interest, which strongly suggests that an extension of exclusivity is inappropriate in this case.

27. Newtek has been endeavoring in good faith to negotiate with the Debtors for a resolution of its confirmation objections. In the course of those negotiations, the Debtors have repeatedly refused to consider any alternatives that did not result in the discharge of their principals' guaranty obligations. An extension of the Debtors' exclusive period to solicit

acceptances will not change that fact.

28. The Debtors have failed to satisfy their burden of establishing that an extension of their exclusive solicitation period is warranted.

29. For the foregoing reasons, the Debtors' Motion must be denied.

**WHEREFORE**, Newtek Business Services Holdco 6, Inc. respectfully requests that this Honorable Court enter an Order or Orders denying the Debtors' Motion and granting such other and further relief as is just and proper under the facts and circumstances presented.

## NOTICE

30. Notice of this Objection will be provided by facsimile, electronic transmission or mail delivery (except as otherwise noted) to (a) the Debtors, (b) the United States Small Business Administration, and (c) the United States Trustee for the Southern District of New York. In light of the nature of the relief requested herein, Newtek submits that no other or further notice need be given and that the notice provided by Newtek is sufficient.

Respectfully submitted,

**CHARTWELL LAW**

Dated: New York, NY
May 5, 2026

By: ___s/Novica Petrovski___________

Novica Petrovski, Esquire (NY ID 1954731)
One Battery Park Plaza, Suite 701
New York, NY 10004-1445
Telephone: (212) 968-2300
e-mail: npetrovski@chartwelllaw.com
and
John J. Winter, Esquire (*Pro Hac Vice*)
700 American Avenue, Suite 303
King of Prussia, PA 19406
Telephone: (610) 666-8437
Telecopier: (610) 666-7704
e-mail: jwinter@chartwelllaw.com

*(Attorneys for Small Business Lending, LLC, as Servicer for Newtek Business Services Holdco 6, Inc.)*

Newtek\Trask Radio\Trask Radio Bankruptcy\Objection to Extension of Exclusivity - Declaration

**CHARTWELL LAW**
One Battery Park Plaza, Suite 701
New York, NY 10004-1445
Telephone: (212) 968-2300
Novica Petrovski (NY ID 1954731)
John J. Winter (*Pro Hac Vice*)
Telephone: (212) 968-2300
*(Attorneys for Small Business Lending, LLC as Servicer for Newtek Business Services Holdco 6, Inc.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**(Manhattan)**

Hearing Date: 5-12-26, 10:00 a.m.
Objections Due: 5-5-26, 5:00 p.m.

| | |
|---|---|
| In re:<br>**TRASK RADIO LLC,**<br>Debtor. | Chapter 11<br>Case No. 25-12431-dsj |
| In re:<br>**ADVANCED AEROSPACE LLC,**<br>Debtor. | Case No. 25-12433-dsj<br>(Jointly Administered) |
| **SMALL BUSINESS LENDING, LLC as Servicer for NEWTEK BUSINESS SERVICES HOLDCO 6, INC.,**<br>Objector,<br>v.<br>**TRASK RADIO LLC, and ADVANCED AEROSPACE LLC,**<br>Movants. | Related to D.I. Nos. 71 |

**DECLARATION OF JEFFREY NORMAN IN SUPPORT OF OBJECTION TO DEBTORS' MOTION FOR EXTENSION OF EXCLUSIVITY, FILED ON SMALL BUSINESS LENDING, LLC AS SERVICER FOR NEWTEK BUSINESS SERVICES HOLDCO 6, INC.**

STATE OF NEW YORK :
:ss.
COUNTY OF NASSAU :

**BEFORE ME,** the undersigned authority, personally appeared Jeffrey Norman, an adult individual whose identity was known to me or established to my satisfaction, and who, after

being duly sworn according to law, deposes and says that:

1. I am over 18 years of age, and am employed by Small Business Lending, LLC as a Vice President, and in that capacity am also an officer and/or authorized signatory of Newtek Business Services Holdco 6, Inc. ("Newtek", or "Objector"), and that Newtek is the owner of the loan which is the subject of this objection filed on its behalf.

2. I have personal responsibility for handling the account representing the obligations owed by the Debtors and affiliated parties as secured debt to Newtek, and make this Declaration based on my own knowledge and familiarity with the account and relevant contract documents.

3. I have previously executed a Declaration in Support of our Objection to Confirmation of Debtors' Chapter 11 Plan (the "Prior Declaration", D.I. No. 50-1), and it is incorporated herein by reference, together with its exhibits.

4. Newtek is not willing to accept or vote for any plan of reorganization that effectively discharges the obligations of third party guarantors, as set forth in its confirmation objection, D.I. No. 50.

5. Newtek is not willing to accept the Debtors' pending "dirt-for-debt" plan as set forth in its confirmation objection.

6. Newtek has been informed, and believes that Debtors' counsel has previously indicated that they would consider a plan of reorganization based upon a sale of their assets pursuant to 11 U.S.C. §363. When Newtek endeavored to pursue such a course with them, Debtors' counsel indicated that no such sale process could be considered without a complete discharge of the guarantors' obligations to Newtek.

7. The Debtors are debtors-in-possession, and are fiduciaries of the Debtors, and all

creditors. However, the Debtors negotiations have focused on its guarantors' interests in limiting their own liability to Newtek in the event of any deficiency arising after the Debtors' real and personal property collateral has been liquidated. This is a clear breach of their fiduciary duty owed to all creditors. And, while the Debtors continue to delay these proceedings through their insistance upon such third-party discharges, Newtek's interests, as well as those of the Debtors' only other major secured creditor, the United States Small Business Administration ("SBA"), are adversely affected by ongoing accruals of interest, costs and attorney's fees.

8. While the Debtors continue to press their "dirt-for-debt" plan, which would allow them to divest themselves of all assets while discharging the guaranty liabilities of their principals, an extension of time for the Debtors to solicit acceptances will not change Newtek's determination to preserve its claims against the Guarantors. Therefore, an extension of the Debtors' exclusive solicitation period will not increase their chances for obtaining confirmation of their "dirt-for-debt" plan, as Newtek will continue to raise that objection so as to fully protect its interests should the Debtors' assets ultimately prove inadequate to satisfy its secured claims. Accordingly, the Motion should be denied.

9. I make this Declaration on behalf of Newtek Business Services Holdco 6, Inc., on the basis of my own knowledge, and subject to the penalties for perjury. I am aware that if any of the statements made herein are wilfully false, that I am subject to such penalties.

**Newtek Business Services Holdco 6, Inc.**

Dated: May 5, 2026

By: ______________________________
Jeffrey Norman, Authorized Signatory

**SWORN TO and SUBSCRIBED** before me, this 5th day of May, 2026.

______________________________
Notary Public
My commission expires: June 19, 2026

JONAH B MURPHY
Notary Public - State of Florida
Commission # HH 278090
My Comm. Expires Jun 19, 2026
Bonded through National Notary Assn.

Newtek\Trask Radio\Trask Radio Bankruptcy\Objection to Extension of Exclusivity - Order

**CHARTWELL LAW**
One Battery Park Plaza, Suite 710
New York, NY 10004-1445
Telephone: (212) 968-2300
Novica Petrovski (NY ID 1954731)
John J. Winter (*Pro Hac Vice*)
Telephone: (212) 968-2300
*(Attorneys for Small Business Lending, LLC as Servicer for Newtek Business Services Holdco 6, Inc.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**(Manhattan)**

Hearing Date: 5-12-26, 10:00 a.m.
Objections Due: 5-5-26, 5:00 p.m.

| | | |
|---|---|---|
| In re:<br>**TRASK RADIO LLC,**<br>Debtor. | ) | Chapter 11<br>Case No. 25-12431-dsj |
| In re:<br>**ADVANCED AEROSPACE LLC,**<br>Debtor. | ) | Case No. 25-12433-dsj<br>(Jointly Administered) |
| **SMALL BUSINESS LENDING, LLC as Servicer for NEWTEK BUSINESS SERVICES HOLDCO 6, INC.,**<br>Objector,<br>v.<br>**TRASK RADIO LLC, and ADVANCED AEROSPACE LLC,**<br>Movants. | ) | Related to D.I. Nos. 71 |

**(PROPOSED) ORDER OF COURT DENYING DEBTORS' MOTION FOR EXTENSION OF DEBTORS' EXCLUSIVE PERIOD <u>TO SOLICIT ACCEPTANCES OF THEIR CHAPTER 11 PLAN</u>**

The above-captioned Debtors having filed a Motion for extension of their exclusive period to solicit acceptances of their chapter 11 plan of reorganization on April 24, 2026 (D.I. No. 71, the "Motion"), and Small Business Lending, LLC as Servicer for Newtek Business

Services Holdco 6, ("Newtek"), having filed an objection thereto (the "Objection")[1], and upon consideration of the Declaration of Jeffrey Norman filed in support of the Objection, as well as the supporting papers and the files and records in these cases, and upon the arguments and testimony presented at a hearing on the Motion before this Court (the "Hearing"), this Court finds and concludes that:

(a). the Court has jurisdiction over the subject matter of the Motion and the relief requested therein pursuant to 28 U.S.C. §1334, and venue is proper pursuant to 28 U.S.C. §§1408 and 1409;

(b). this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (G), (M) and (O);

(c). the legal and factual bases set forth in the Objection, in the supporting Declaration of Jeffrey Norman, and on the record at the Hearing establish just cause for the relief granted herein;

(d). the relief requested in the Objection is necessary and appropriate to carry out the provisions of the Bankruptcy Code;

(e). notice of the Objection was sufficient, and no other or further notice need be provided; and

(f). Pursuant to 11 U.S.C. §§105(a), 1121 (d), grounds exist for denying the Motion insofar as: the Debtors' cases are not particularly complex; there are only two significant secured creditors involved, and the Debtors have been unable to obtain their consent to their "dirt-for-debt" plan; the Debtors have been improperly insisting upon the discharge of all guarantors' obligations to those secured creditors, as set forth in the pending plan, as a pre-condition to their

---

[1]Capitalized terms used but not defined herein shall have the meaning set forth in the Objection.

filing any alternative plan, such as one predicated upon a sale of the Debtors' assets pursuant to 11 U.S.C. Section 363 sale; the Debtors have instead embarked on an expensive course of valuation discovery in support of their pending plan, which could be readily avoided, were they to abandon the plan's impermissible third-party discharge provisions; and the Debtors have not been negotiating in good faith.

Based upon the above findings and conclusions, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is **SUSTAINED.**

2. Debtors request for extension of their exclusive period to solicit acceptances of their pending chapter 11 plan of reorganization is **DENIED.**

**BY THE COURT:**

________________________________

The Honorable David S. Jones,
United States Bankruptcy Judge

Newtek\Trask Radio\Trask Radio Bankruptcy\Objection to Extension of Exclusivity - Cert of Service

**CHARTWELL LAW**
One Battery Park Plaza, Suite 710
New York, NY 10004-1445
Telephone: (212) 968-2300
Novica Petrovski (NY ID 1954731)
John J. Winter (*Pro Hac Vice*)
Telephone: (212) 968-2300
*(Attorneys for Small Business Lending, LLC as Servicer for Newtek Business Services Holdco 6, Inc.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**(Manhattan)**

Hearing Date: 5-12-26, 10:00 a.m.
Objections Due: 5-5-26, 5:00 p.m.

| | | |
|---|---|---|
| In re:<br>**TRASK RADIO LLC,**<br>Debtor. | ) | Chapter 11<br>Case No. 25-12431-dsj |
| In re:<br>**ADVANCED AEROSPACE LLC,**<br>Debtor. | ) | Case No. 25-12433-dsj<br>(Jointly Administered) |
| **SMALL BUSINESS LENDING, LLC as Servicer for NEWTEK BUSINESS SERVICES HOLDCO 6, INC.,**<br>Objector,<br>v.<br>**TRASK RADIO LLC, and ADVANCED AEROSPACE LLC,**<br>Movants. | ) | Related to D.I. Nos. 71 |

**CERTIFICATE OF SERVICE OF OBJECTION TO DEBTORS' MOTION FOR EXTENSION OF DEBTORS' EXCLUSIVE PERIOD TO SOLICIT ACCEPTANCES OF THEIR CHAPTER 11 PLAN, FILED ON SMALL BUSINESS LENDING, LLC AS SERVICER FOR NEWTEK BUSINESS SERVICES HOLDCO 6, INC.**

The undersigned, Novica Petrovski, Esquire, an attorney and counsel for Newtek Bank, National Association, hereby certifies that on the 5th day of May, 2026, a true and correct copy of the above-entitled Objection to Debtors' Motion for Extension of Debtors' Exclusive Period to Solicit Acceptances of Their Chapter 11 Plan, supporting Declaration of Jeffrey Norman, and proposed form of Order were filed by Electronic Case Filing, became available for viewing and downloading, and therefore were served upon each of the parties-in-interest set forth below (as well as any other parties-in-interest who have requested such notice):

Ilana Volkov, Esq., McGrail & Bensinger LLP
888-C Eighth Avenue, #107, New York, NY 10019
e-mail: ivolkov@mcgrailbensinger.com
*(Counsel for Debtors)*

Mark Billion, Esquire, Billion Law
20184 Coastal Highway, Suite 205, Rehoboth, DE 19971
email: markbillion@billionlaw.com
*(Counsel for Guarantors)*

Alyssa O'Gallagher, Esquire
e-mail: Alyssa.O'Gallagher@usdoj.gov
*(Counsel for United States Small Business Administration)*

Office of the United States Trustee, Southern District of New York
Alexander Hamilton Custom House, One Bowling Green, Room 534,
New York, NY 10004-1408

Dated: New York, NY
May 5, 2026

**CHARTWELL LAW**

By: ____s/Novica Petrovski____________
Novica Petrovski, Esquire (NY ID 1954731)
One Battery Park Plaza, Suite 710
New York, NY 10004-1445
Telephone: (212) 968-2300
e-mail: npetrovski@chartwelllaw.com
and
John J. Winter, Esquire (*Pro Hac Vice*)
700 American Avenue, Suite 303
King of Prussia, PA 19406
Telephone: (610) 666-8437
Telecopier: (610) 666-7704
e-mail: jwinter@chartwelllaw.com

*(Attorneys for Small Business Lending, LLC, as Servicer for Newtek Business Services Holdco 6, Inc.)*